## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION

| | |
|---|---|
| **SCOTT BRENDAMOUR,** | **Case No.** |
| ***On behalf of himself and those similarly situated,*** | |
| **Plaintiff,** | **Judge** |
| vs. | |
| **HILLCREST, DAVIDSON & ASSOCIATES LLC,** | <u>**CLASS ACTION COMPLAINT**</u> |
| **and** | **JURY DEMANDED** |
| **COLTS REPRESENTATIVE LLC,** | |
| **and** | |
| **ADT LLC dba ADT Security Services** | |
| **Defendants.** | |

Plaintiff Scott Brendamour ("Plaintiff"), individually and on behalf of all others similarly situated, brings this action against Hillcrest, Davidson & Associates L.L.C. ("Hillcrest"), Colts Representative LLC ("Colts"), and ADT LLC dba ADT Security Services ("ADT") (collectively, "Defendants") for violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. 1692 *et seq.*; violations of the Ohio Consumer Sales Practices Act ("CSPA"), R.C. 1345 *et seq.*; unjust enrichment; common law fraud; civil conspiracy; and the Declaratory Judgment Act ("DJA"), 28 U.S.C. §§ 2201 *et seq.*

1

## INTRODUCTION

1.      Plaintiff purchased home security services from ADT through Defenders, Inc. ("Defenders"), an authorized provider of ADT services and equipment. ADT assumed all rights and obligations under the agreement with Plaintiff and withdrew payments from Plaintiff's bank account on a monthly basis.

2.      Plaintiff moved to a new residence and called ADT to transfer his services to his new residence, which ADT agreed to. ADT continued to withdraw payments from Plaintiff's account on a monthly basis. At no time was Plaintiff informed he owed any money in addition to these monthly payments.

3.      Upon information and belief, Defenders sold Plaintiff's account to Colts, despite the fact that Plaintiff had no obligations to Defenders under the agreement. Colts then hired Hillcrest to collect a false debt from Plaintiff purportedly owed under Plaintiff's contract with ADT.

4.      Hillcrest made false statements in an attempt to collect this purported debt from Plaintiff and unlawfully reported the debt to credit reporting agencies.

5.      Plaintiff brings this action to seek compensation for himself and those similarly situated, and to obtain declaratory relief with respect to all Defendants confirming that neither he nor anyone else similarly situated owes a debt to Defenders for ADT's services.

## THE PARTIES

6.      Plaintiff Scott Brendamour is a natural person domiciled in Clermont County, Ohio.

7.      Defendant Hillcrest, Davidson & Associates L.L.C. is a debt collector headquartered at 715 N. Glenville Drive, Suite 450, Richardson, Texas 75081.

8.      Defendant Colts Representative LLC is a limited liability company organized in the State of Delaware with its principal place of business located at 8350 S. Emerson Avenue, Suite 100, Indianapolis, IN, 46237.

9.      Defendant ADT LLC is a limited liability company organized in the State of Delaware. On March 31, 2022, Defenders, LLC (formerly Defenders, Inc.) merged with ADT LLC, leaving ADT as the surviving entity and successor to Defenders.

## JURISDICTION AND VENUE

10.     This Court has federal question jurisdiction under 28 U.S.C. § 1331 for the claims brought under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §1692, *et seq.* and supplemental jurisdiction over the state law claims that form part of the same case or controversy as the FDCPA allegations under 28 U.S.C. § 1367.

11.     Venue is proper in this Court because Defendants have contracted for, distributed, advertised, and/or provided services in this District, including the ADT Subscriptions purchased by Plaintiff that are at issue in this lawsuit.

## FACTUAL ALLEGATIONS

12.     On or about November 11, 2019, Plaintiff purchased ADT services through Defenders for his home in Hamilton County, Ohio.

13.     Defenders was an authorized provider of ADT equipment and services. Upon information and belief, ADT accepted and assumed all rights and obligations under the contract between Plaintiff and Defenders.

14.     Plaintiff authorized Defenders and ADT to withdraw money from his bank account on a monthly basis. Following installation, ADT automatically transferred money from Plaintiff's bank account every month. All payments were timely and made in full.

15.     On or about December 8, 2020, Plaintiff called ADT to transfer services to his new primary residence in Clermont County, Ohio. During this call, Plaintiff explained that he was a current customer of ADT and needed to transfer his equipment and services to his new residence.

16.     ADT installed equipment at Plaintiff's new residence after Plaintiff agreed to pay a new installation fee. Plaintiff received 10% off his equipment installation and monitoring because he was a previous ADT customer tenured longer than six months. Plaintiff received an additional $349 off his installation fee on top of this because he was tenured longer than 12 months.

17.     Following installation, ADT continued to send Plaintiff monthly invoices in the same manner as before. Plaintiff continued to make all requested payments in a timely manner.

18.     On or about August 19, 2021, Plaintiff received a debt collection notice dated August 13, 2021 from Defendant Hillcrest, a debt collection agency.

19.     The notice from Hillcrest stated that Plaintiff owed $1,084.31 to Defendant Colts, which was listed as the "Current Creditor." The notice did not list the "Original Creditor."

20.     The top left corner of the notice from Hillcrest, which was visible through the envelope, stated "PERSONAL AND CONFIDENTIAL." The notice went on to state:

> Please be advised that the above referenced account has been placed to our agency for the purpose of collection. It is our goal to resolve this matter in a convenient manner. If you would like to clear this matter up, please take this opportunity to pay your account through one of the following payment options …. Unless you, within 30 days after receipt of this notice, dispute the validity of the debt or any portion thereof, this office will assume the debt is valid. If you notify this office in writing within such 30-day period that the debt, or any portion thereof, is disputed, our office will obtain verification of the debt or a copy of the judgment against you and mail you a copy of such judgment or verification…. Please be advised that this communication is from a debt collector and is an attempt to collect a debt. Any information obtained will be used for that purpose.

21.     Unbeknownst to Plaintiff, Hillcrest had already reported the purported debt to Experian on August 12, 2021.

22.     Prior to receiving this notice, Plaintiff had never heard of Colts or Hillcrest, nor had he been informed by any of the Defendants that he owed any money in addition to his monthly payments to ADT.

23.     Confused as to why he was receiving a debt collection notice, on or about August 20, 2021, Plaintiff called Hillcrest at the telephone number listed on the debt collection notice. During the call, Hillcrest stated that the debt was owed to Defenders, which Hillcrest described as an "ADT company." Plaintiff disputed the debt and informed Hillcrest that he was current on his payments to ADT. Hillcrest told him to call ADT and get a statement in writing showing that he did not owe ADT money.

24.     Following the call with Hillcrest, Plaintiff called ADT, which confirmed Plaintiff's account was current and that he had never missed a payment. The representative from ADT further informed Plaintiff that ADT had purchased Defenders, and that several customers were experiencing similar issues.

25.     The statement by ADT that several other customers have experienced similar issues is supported by similar online consumer complaints, such as one filed September 28, 2021, with the Better Business Bureau, stating:

> I've been contacted by Hillcrest, Davidson & Associates L.L.C., a company I have never heard of. I do not have a contract with them and the account number I supposedly owe money to and address they have provided are fake. I have never lived in Florida. I called ADT and they told me I don't owe them $823.95 (number given by Hillcrest Davidson) and that both of my accounts have a zero balance. I also provided them with the account I was given by Hillcrest and was told that account wasn't pulling up in their system. They said I owe money to Defender Protect Your Home (Owned now by ADT), however, I've never been contacted by this company about any debt, which is weird because companies always reach out to you when you have an outstanding debt. I have never missed a payment on anything a day in my life and these people are threatening to report this and put it

5

on my credit score. I want this settled and no further contact by this company. This is a scam.[1]

26.     Because Defenders was subsumed by ADT, there was no one for Plaintiff to contact at Defenders to discuss this purported debt. ADT was unable to provide Plaintiff with any additional information about the purported debt; however, ADT provided Plaintiff with a letter confirming "that as of 08/20/2021, your account reflects a zero balance."

27.     Plaintiff forwarded the letter from ADT to Hillcrest that same day. The body of the email from Plaintiff to Hillcrest stated, "Please see below the email for ADT. I am completely up to date and have no outstanding balance due."

28.     On September 15, 2021, Hillcrest employee Jose Ramirez responded to Plaintiff with an email simply stating, "Please see attachment." Attached was a .pdf letter addressed to Plaintiff dated September 15, 2021. The letter was titled "NOTICE OF PROPOSAL LETTER OF SETTLEMENT OFFER." It lists the "Original Creditor" as "COLTS REPRESENTATIVE: PROTECT YOUR HOME" and an "Original Balance" of $1,084.31.

29.     The letter and email to Plaintiff ignored that he had disputed the validity of the debt and did not provide him any verification of the purported debt. Instead, it attempted to coerce Plaintiff to pay this false debt, stating:

Dear SCOTT,

As previously notified, COLTS REPRESENTATIVE: PROTECT YOUR HOME, has assigned your account to Hillcrest, Davidson and Associates L.L.C. for purpose of collections. In our initial communication, we had advised you that your outstanding balance placed at Hillcrest, Davidson and Associates by COLTS REPRESENTATIVE: PROTECT YOUR HOME.

We have been authorized to accept a settlement in the amount of $813.24 on your account with COLTS REPRESENTATIVE: PROTECT YOUR HOME. Payment

---

[1] https://www.bbb.org/us/tx/richardson/profile/collections-agencies/hillcrest-davidson-and-associates-llc-0875-90127488/complaints (last visited January 31, 2022).

of this entire settlement amount will completely satisfy your account and release you of any obligation to our client for the above-referenced account. This settlement offer shall become void if it's not secured prior to 2:00 PM CST on 09/17/2021.

**Once you have made your payment, Hillcrest, Davidson & Associates L.L.C. will submit a full deletion to the credit bureaus to which it was reported. Please allow 30-60 days for this collection item to fall off of your credit report from the date of your payment. Additionally, if the account has not been reported to your credit, Hillcrest, Davidson & Associates L.L.C. will not report the matter to the credit bureaus.**

Please feel free to contact our office with any further questions that you may have.

30.     Plaintiff responded to Mr. Ramirez's email the same day, stating: "Please provide all the supporting documents showing my debt and the purchase of my debt. After speaking with ADT/defenders they have provided information confirming I have no outstanding debt and I need to see all documentation showing otherwise."

31.     Hillcrest did not respond to Plaintiff's email. Nor did it remove the debt from Plaintiff's credit report or provide Plaintiff with verification of the purported debt.

32.     Subsequent to this exchange, Plaintiff received a notification from Experian stating that Hillcrest "flagged [his] account as Collections on Oct 11, 2021." Upon information and belief, Hillcrest did not notify Experian that the debt was disputed.

33.     The placement of the debt on Plaintiff's credit report severely impacted his credit score, causing it to decline sharply.

34.     Plaintiff is unaware of any attempts to notify him of any purported debt owed to Defenders and/or Colts prior to the notification from Hillcrest dated August 13, 2021.

35.     On January 12, 2022, in an attempt to have the unlawful debt removed from his credit report, Plaintiff paid Hillcrest $1,088.31, which included a required payment fee of $4.00. Shortly after payment, Plaintiff emailed Hillcrest a copy of the payment confirmation and stated: "Please see attached …. **I [did] not pay this because I owe the money, only because I wanted**

**this off my credit report.** Let me know when this has been removed from my report." (emphasis in original).

36.     Following payment, Plaintiff's credit report now shows the debt as paid. However, it remains on his credit report as a closed collections matter and continues to have a negative impact on his credit score.

## CLASS ALLEGATIONS

37.     Under Rule 23(a), (b)(2), (b)(1)(A), and (b)(3), Plaintiff brings this action on behalf of himself and the Class, initially defined as follows:

**All individuals who purchased ADT services from Defenders, Inc.**

38.     Under Rule 23(a), (b)(2), (b)(1)(A), and (b)(3), Plaintiff also brings this action on behalf of himself and a Consumer Subclass, initially defined as follows:

**All individuals who purchased ADT services from Defenders, Inc. in connection with protecting their personal residences.**

39.     The "Relevant Time Period" is the largest period allowed by law.

40.     Excluded from the Class are Defendant, its employees, officers, directors, legal representatives, heirs, successors, and wholly or partially owned subsidiaries or affiliated companies; class counsel and their employees; and the judicial officers and their immediate family members and associated court staff assigned to this case.

41.     The definition of the Class is unambiguous, and Plaintiff is a member of the Class he seeks to represent.

42.     While the exact number of Class Members is unknown to Plaintiff at this time, on information and belief, hundreds of ADT customers have been improperly double billed during the Relevant Time Period.

8

43.     Plaintiff's claims are typical of the claims of the other members of the Class. Plaintiff paid his bills to ADT as agreed, yet was subject to improper "double billing" by Defenders and has suffered from illegal debt collection tactics by Hillcrest and Colts.

44.     Plaintiff will fairly and adequately protect the interests of the members of the Class and has retained counsel competent and experienced in class action litigation.

45.     Defendants have acted or refused to act on grounds generally applicable to the Class, thereby making it appropriate for the Court to render final injunctive relief regarding the Class as a whole. Specifically, Defendants have continued to attempt to collect the purported debts even though they have had adequate notice that these debts are nonexistent and fictitious.

46.     Common questions of law and fact exist as to all Class Members and predominate over any questions solely affecting individual members thereof. Among the common questions of law and fact are the following:

      a.     Did Defendants engage in the conduct alleged?

      b.     Did Plaintiff and Class Members owe a lawful debt to Colts?

      c.     Did Defendants charge Plaintiff and Class Members for debts that they did not owe?

      d.     Did Defendants retain funds that justice and equity demand be returned to Plaintiff and the Class Members?

      e.     What is the nature and extent of damages and other remedies to which the conduct of Defendants entitles Plaintiff and the Class Members?

47.     A class action is superior to other available methods for the fair and efficient adjudication of this controversy because joinder of all Class Members is impracticable. The prosecution of separate actions by individual Class Members would impose heavy burdens upon

courts, Class Members, and Defendants, and would create the risk of inconsistent adjudications of questions of law and fact common to the Class. Defendants have acted on grounds generally applicable to the class such that the final injunctive relief sought is appropriate respecting the Class as a whole. In addition, the allegations contained herein show that common questions of law and fact predominate over any questions affecting individual Class members and a class action is therefore superior to other available methods for fairly and efficiently adjudicating the controversy. A class action would achieve substantial economies of time, effort, and expense, and would assure uniformity as to persons similarly situated without sacrificing procedural fairness. Plaintiff and the proposed Class satisfy the requirements of Rule 23(b)(1)(A), (b)(2), and/or (b)(3).

## COUNT I – FAIR DEBT COLLECTION PRACTICES ACT

48.     All other paragraphs are fully re-alleged and incorporated herein.

49.     Plaintiff brings this claim individually and in his representative capacity on behalf of the Consumer Subclass against Defendant Hillcrest. Other Defendants are liable under this Count to the extent they conspired with Defendant Hillcrest to commit these violations. Plaintiff also reserves the right to amend this Count if, upon completion of discovery, it appears that Colts or Defenders qualifies as a "debt collector" under the FDCPA.

50.     At all times relevant herein, Plaintiff was a "consumer" as defined under the Fair Debt Collection Practices Act, 15 U.S.C. §1692a(3) because the ADT protection services that he purchased were to protect his home, and were therefore for personal and household use.

51.     At all times relevant herein, Defendant Hillcrest has been a "debt collector" as defined by § 1692a(6) of the FDCPA because the principal purpose of its business is the collection of debts, and because it uses the instrumentalities of interstate commerce, including but not limited to the mail and telephone services, to do so.

52. In the alternative, at all relevant times herein, Defendant Hillcrest has been a "debt collector" under § 1692(a)(6) because it regularly collects or attempt to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.

53. Defendant Hillcrest has violated the FDCPA with respect to Plaintiff and the Consumer Subclass by using false, deceptive, or misleading representations or means in connection with the collection of the purported debt, in violation of § 1692e generally, by taking the actions described above and incorporated by reference into this Count.

54. Specifically, Defendant Hillcrest has violated the following provisions of § 1692e with respect to Plaintiff and the Consumer Subclass:

   a. § 1692e(2)(A) by falsely representing the character, amount, and legal status of the purported Defenders debts, including by representing that such debts were due and owing, and by providing inflated amounts of these debts for which Hillcrest refused to provide any basis;

   b. § 1692e(5) or, if this subsection is not applicable, then § 1692e generally, by threatening to report false information to credit bureaus, when it was illegal for Defendant Hillcrest to do so;

   c. § 1692e(8) by repeatedly communicating to credit bureaus information that Hillcrest knew or should have known to be false, including (1) the false statement that Plaintiff and the Consumer Subclass owed the debts at issue, and (2) the omission of the fact that the debts at issue were disputed;

   d. § 1692e(10) by using false representations or deceptive means to attempt to collect a debt, including but not limited to holding Plaintiff and the Consumer Subclass's credit scores and credit reports hostage until they paid the fictitious debts; and

   e. § 1692e generally by purposefully omitting the name of the original creditor from the collection letters sent by Hillcrest to Plaintiff. While this information may not be required under § 1692g(a), under the totality of the circumstances described in this Complaint, it was misleading and deceptive for Defendant Hillcrest to purposefully omit this information to prevent Plaintiff and the Consumer Subclass from realizing that they did not owe the purported debts at issue.

55. Further, Defendant Hillcrest has engaged in unfair or unconscionable means to collect or attempt to collect debts from Plaintiff and the Consumer Subclass, including the unfair

and unconscionable acts described above.  In addition to violating § 1692f generally, Defendant

Hillcrest has violated the following specific provisions:

    a.  § 1692f(1) by collecting amounts not expressly authorized by the agreement creating the debt or permitted by law.  Nothing in Plaintiff's agreement with ADT or in law permitted the creation of a fictitious debt or other charge in the name of Defenders, especially when Plaintiff had been up to date on all of his payments with ADT as required by the agreement.

    b.  § 1692f(8) by using the words "PERSONAL AND CONFIDENTIAL" on the envelopes Hillcrest mailed out to Plaintiff and the Consumer Subclass, such that these words were visible to the naked eye in regular lighting and could easily be seen.  Such words are prohibited by the plain language of the FDCPA statute and cause harm to consumers by essentially publishing to the world, including family and mail carriers, that the consumer is receiving "personal" or "confidential" documents and therefore likely owes a debt.  The frequent use of the phrase "PERSONAL AND CONFIDENTIAL" by debt collectors over the past two decades has made the term synonymous with debt collection.

    c.  § 1692g(b) by doing all of the following:  (1) upon receipt of a dispute by Plaintiff or any member of the Consumer Subclass that the debts at issue were disputed, failing to adequately provide verification of said debts; (2) upon receipt of a dispute by Plaintiff or any member of the Consumer Subclass that the debts at issue were disputed, failing to cease collection activities until it had adequately verified the debts.

56.    As a direct and proximate result of Defendant's violations of the Fair Debt

Collection Practices Act, Plaintiff and the Consumer Subclass Class Members are entitled to other

relief further outlined herein.

## COUNT II – OHIO CONSUMER SALES PRACTICES ACT

57.    All other paragraphs are fully re-alleged and incorporated herein.

58.    Plaintiff brings this claim individually and in his representative capacity on behalf

of the Consumer Subclass against all Defendants.

59.    Defendants are "suppliers" as defined by the CSPA, R.C. 1345.01.

60. Plaintiff's purchase of ADT security services and equipment was a consumer transaction as that term is defined in the CSPA because Plaintiff purchased the security services and equipment for household use.

61. Plaintiff is a consumer as defined in the CSPA because he engaged in consumer transactions with Defendants.

62. Defendants' acts as described throughout the Complaint constitute unfair, deceptive, and unconscionable acts in violation of the CSPA, R.C. 1345.02 and R.C. 1345.03.

63. Defendants' conduct as described herein was unfair and deceptive under R.C. 1345.02(A) because such acts and practices are immoral, unethical, oppressive, and unscrupulous.

64. Defendants' conduct was *per se* deceptive under the CSPA as they engaged in violations of R.C. 1345.02(B)(1), (4), (5), (8), and (9).

65. Defendants had ample notice that their actions and omissions violated the CSPA:

   a. *Bennett v. Tri-State Collection Serv.*, Cuyahoga C.P. No. 940002, 1976 WL 38806, at *1 (Aug. 24, 1976) ("[I]t is a deceptive and unconscionable act or practice as defined at §§ 1345.02 and 1345.03 R.C. for a supplier engaged in the collection of claims of debt arising from consumer transactions knowingly to make a misstatement of fact that is designed to exaggerate the remedies or power of the creditor or collector over the consumer, or the consequences to the consumer of non-payment of the claim or knowingly to misstate the law or the consumer's obligations to the creditor.");

   b. *Damask v. Modern Communications, Ltd.*, Lucas C.P. No. CI-99-3859, 2000 WL 33182259, at *2 (Sept. 13, 2000) ("A supplier's attempts to collect or enforce an invalid debt, including reporting the debt to a credit reporting agency, is a violation of R.C. 1345.02 and 1345.03.");

   c. *State ex rel. Celebrezze v. Scandinavian Health Spa, Inc.*, Summit C.P. No. CV863-1158, 1986 WL 363150, at *3 (Mar. 31, 1986) ("A violation of 15 U.S.C. § 1692(e) is a violation of O.R.C. § 1345.02(A). A supplier who, in its collection of consumer debts, makes deceptive or misleading representations to consumers violates O.R.C. § 1345.02(A), specifically as it violates O.R.C. … 1345.02(B)(10).").

66.     Moreover, Defendants committed unfair or deceptive acts or practices in violation of the CSPA, R.C. 1345.02(A), when they engaged in acts and practices in violation of the FDCPA as set forth above.

67.     Such acts and practices have been previously determined by Ohio courts to violate the CSPA, R.C. 1345.01 et seq. *See, e.g.*, *Kelly v. Montgomery Lynch & Assocs., Inc.*, No. 1:07-CV-919, 2008 WL 1775251, at *11 (N.D. Ohio Apr. 15, 2008) ("[A]ny violation of any one of the enumerated sections of the FDCPA is necessarily an unfair and deceptive act or practice in violation of R.C. § 1345.02 and/or § 1345.03").

68.     Defendants' conduct alleged herein directly, foreseeably, and proximately caused Plaintiff and the Consumer Subclass to suffer ascertainable damages, including but not limited to damage to their credit reports and all monies paid by Plaintiff and the Consumer Subclass to Defendants. Plaintiff and the Consumer Subclass are entitled to actual damages, treble damages, and punitive damages for this conduct. If a class is not certified in this action (which it should be), Plaintiff may be entitled to statutory damages in addition to or instead of actual damages.

## COUNT III – UNJUST ENRICHMENT

69.     All other paragraphs are fully re-alleged and incorporated herein.

70.     Plaintiff brings this claim individually and in his representative capacity on behalf of the Class and Subclass against all Defendants.

71.     Defendants Hillcrest and Colts have been unjustly enriched by all monies received as a result of collecting false debts against Plaintiff and the Class.

72.     Defendant ADT, on information and belief, has received some form of remuneration from Defenders for the creation and "sale" of the fictitious debts, and has been unjustly enriched at the class members' expense.

14

73.     Plaintiff and the Class are entitled to disgorgement of Defendants' ill-gotten gains.

### COUNT IV – COMMON LAW FRAUD

74.     All other paragraphs are fully re-alleged and incorporated herein.

75.     This claim is brought on behalf of Plaintiff individually and in his representative capacity on behalf of the Class and Subclass.

76.     At all times relevant, in pursuing payments directly from Plaintiff and Class Members, in a manner barred by Ohio law, Defendants, by and through their agents, servants and/or employees, falsely represented to Plaintiff and the Class Members that the Class Members owed Defendants certain sums of money, with knowledge of the falsity of these statements; utter disregard for the truth; or recklessness.

77.     Defendants falsely represented to credit reporting agencies that Plaintiff and other Class Members were delinquent in paying their bills, thereby adversely affecting Plaintiff and other Class Members' credit.

78.     Defendants falsely represented the amounts owed by the Plaintiff and other Class Members including, but not limited by, adding service charges to the unpaid bills that Plaintiff and other Class Members had not authorized.

79.     These representations were material, as they more likely than not have had and will continue to have an effect on Plaintiff and the other Class Members and Subclass Members.

80.     These representations were made with the intent of misleading consumers, including Plaintiff and the Class Members, for the purpose of obtaining unlawful proceeds from Plaintiff and the Class Members.

81.     Plaintiff and the Class have been injured by Defendants' conduct.

## COUNT V – CIVIL CONSPIRACY

82.     All other paragraphs are fully re-alleged and incorporated herein.

83.     Plaintiff brings this claim individually and in his representative capacity on behalf of the Class and Subclass against all Defendants.

84.     Defendants have engaged in a civil conspiracy to unlawfully injure Plaintiff and Class Members. Their actions in agreeing to collect a false debt from Plaintiff and the Class Members in a manner that willfully and intentionally violates Ohio and federal law is a malicious combination with the purpose of injuring Plaintiff and Class Members in a way not competent for one alone, resulting in actual damages.

85.     Defendants' actions in violation of the FDCPA and CSPA are unlawful acts independent of the actual conspiracy between them, as well as their commission of common law fraud.

86.     Defendants have purposely committed, aided, and/or benefitted from the underlying unlawful or tortious acts, without a reasonable or lawful excuse, to the injury of Plaintiff and the Plaintiff Class.

87.     The unlawful or tortious acts of the Defendants are attributable to each other. All Defendants have agreed to and acted in pursuance of a common plan or design to commit unlawful or tortious acts, actively took part in it, and ratified and adopted the wrongdoer's act done for their benefit.

88.     Plaintiff and the other Class Members have suffered damages, as described elsewhere herein, as a direct and proximate result of Defendants' civil conspiracy.

16

## COUNT VI – PRAYER FOR DECLARATORY JUDGMENT

89.    Pursuant to 28 U.S.C. §§ 2201(a), where there is an "actual controversy within its jurisdiction . . . any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought." A similar provision exists under Ohio law at R.C. 2721.

90.    Here, an actual controversy exists between Plaintiff and the Class on the one hand, and Defendants on the other hand, as to the legitimacy of the subject debts at issue.

91.    It would be helpful and beneficial for this Court to enter a declaratory judgment adjudicating the rights and responsibilities of the parties to one another. Among other things, such a declaratory judgment would allow the parties to properly inform the relevant credit bureaus of the true nature and status of the purported debts.

92.    Plaintiff and the Class therefore pray that the purported debts of the Class be adjudicated invalid, fictitious, void ab initio, and unenforceable.

**WHEREFORE**, Plaintiff, on behalf of himself and all others similarly situated, prays for the following judgment,

a.    Certification of the action as a Class Action under Rule 23 of the Federal Rules of Civil Procedure, and appointment of Plaintiff as Class Representative and his counsel of record as Class Counsel;

b.    Appropriate injunctive relief as permitted by law or equity, including an order enjoining Defendants from: attempting to collect unlawful debts; further reporting the false debts to credit bureaus; requiring Defendants to report to credit bureaus deletion of the false tradelines; or communicating with consumers known to be represented by counsel.

c.     Awarding Plaintiff and Class Members damages in an amount to be determined at trial;

d.     Awarding pre-judgment and post-judgment interest at the highest legal rate to the extent provided by law;

e.     The costs of bringing this suit, including or together with reasonable attorneys' fees; and

f.     Awarding any such other and further legal and equitable relief as this Court may deem just and proper, including declaratory relief on terms outlined above.

Respectfully submitted,

*/s/ W.B. Markovits*
W.B. Markovits (0018514)
Dylan J. Gould (0097954)
**MARKOVITS, STOCK & DEMARCO, LLC**
3825 Edwards Road, Suite 650
Cincinnati, OH 45209
Phone: (513) 651-3700
Fax:  (513) 665-0219
*bmarkovits@msdlegal.com*
*dgould@msdlegal.com*

and

Jonathan L. Hilton (0095742)
**HILTON PARKER LLC**
7544 Slate Ridge Blvd.
Reynoldsburg, OH 43068
Tel: (614) 992-2277
Fax: (614) 927-5980
*jhilton@hiltonparker.com*

*Counsel for Plaintiff and the Class*

18

## **JURY DEMAND**

Plaintiff hereby requests a trial by jury on all claims triable to a jury.

*/s/ W.B. Markovits*
W.B. Markovits (0018514)